LIVERMORE & KNIGHT CO. v. AMERICAN DARRACQ AUTOMOBILE CO.

(Supreme Court, Appellate Term. December 21, 1905.)

CORPORATIONS—ACTIONS AGAINST—JURISDICTION—PLACE OF BUSINESS.

Evidence in an action against a corporation *held* sufficient to sustain a finding of the fact, necessary for jurisdiction of the court, that at the time of service of the summons defendant had a place of business in the city.

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by the Livermore & Knight Company against the American Darracq Automobile Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Charles H. Studin, for appellant.

Albert S. Bard, for respondent.

BISCHOFF, J. Waiving any other point on the appeal, the appellant contends that the proof before the court below was insufficient to support a finding that at the time of the service of the summons the defendant corporation had a place of business in the city of New York, a fact upon which the jurisdiction of the court depended. In our opinion there was evidence sufficient to warrant a favorable determination of this fact, and the judgment should be affirmed.

The summons was served upon a managing agent of the defendant,

on the 28th day of March, 1905, at No. 652 Hudson street, in this city, where, at the time of the transactions in suit (January, 1904), the defendant conducted its business upon premises occupied by a concern known as F. A. La Roche Company. The action was for the agreed price of 20,000 advertising cards manufactured for the defendant by the plaintiff, which advertising matter described the defendant as doing business "controlled by F. A. La Roche Co." at 652–654 Hudson street, and the transactions between the parties were such that the cards were in fact subject to acceptance by the defendant in March, 1904, in accordance with the actual agreement under which they were manufactured, as found by the court. An order for 20,000 illustrated and fairly elaborate advertising cards, to be used in the month of March, is not readily to be conceived as given by the business house without an intention to remain at the address advertised for some period. Yet, if the witnesses testifying in favor of the defendant are to be believed, the defendant had ceased doing business within the state in the month of January, according to one, or in March, according to the other. The testimony was sufficiently opposed to the probabilities to justify its rejection, and, in view of the admitted fact that the defendant had done business at this address as late as January, 1904, taken with the apparent presence of persons authorized to act for it at the place as late as May, 1904, and with the further fact that the apparent character of the place of business remained unchanged at the time when the summons was served upon the defendant's agent at this same place, an inference was reasonably permissible that the business had not been interrupted, but had been continued, in its conduct by the defendant, at the time of the service of the process. The justice was, therefore, authorized to find the necessary jurisdictional fact upon the proof before him.

Judgment affirmed, with costs. All concur